**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Robert Labair,

Plaintiff,

v.

TA Operating LLC; et al.,

Defendants.

Case No. 2:25-cv-01622-DJA

**ORDER**

This is a personal injury action arising out of Plaintiff Robert Labair's June 24, 2025, visit to Defendant TA Operating LLC's Clark County, Nevada location to repair his tire. Plaintiff alleges that the TA employee completing the repair admitted that they were not qualified to complete the repair on their own. While Plaintiff was assisting in the repair and helping a TA employee lift the tire, the employee let go, causing the tire to fall and injure Plaintiff. Defendant has moved to dismiss Plaintiff's second amended complaint. (ECF No. 25). Plaintiff has moved to amend his complaint a third time, this time to name the TA employee—Zachary Padua—as a non-diverse Defendant, claiming to have learned Padua's name through discovery. (ECF No. 31).

Because amended complaints supersede the original, and because Plaintiff proposes to add a diversity destroying Defendant whose addition would divest this Court of jurisdiction, the Court first addresses Plaintiff's motion to amend. In doing so, it finds that Plaintiff has not shown that amendment is appropriate under 28 U.S.C. § 1447(e) and therefore denies the motion to amend. The Court next turns to Defendant's motion to dismiss. Because the Court finds that Plaintiff has not alleged a colorable claim for negligent hiring, but has alleged a colorable claim for negligent training and supervision, and concedes to the dismissal of his breach of warranty and premises liability claims, the Court grants in part and denies in part Defendant's motion to dismiss.

///

///

### I.      Plaintiff's motion to amend.

Plaintiff provides three standards under which he asks the Court to analyze his amendment.  First, Federal Rule of Civil Procedure 15(a)'s language asserting that the Court should freely give leave to amend when justice so requires.  Second, Federal Rule of Civil Procedure 15(c)(1)'s relation back doctrine.  Third, 28 U.S.C. § 1447(e).

The Court finds that 28 U.S.C. § 1447(e), rather than Federal Rule of Civil Procedure 15(a), is the proper legal basis under which to analyze Plaintiff's motion to amend.  It finds that Plaintiff's proposed amendment is appropriate under that statute.  It further finds that, while the ultimate decision regarding whether Plaintiff's amended complaint relates back to the original is for the state court to decide, Plaintiff has at least facially met the requirements for relation back.

### A.      The Court employs 28 U.S.C. § 1447(e) in deciding Plaintiff's motion.

"There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs the Court's decision whether to permit joinder of" defendants that would destroy diversity, Rule 15 or 28 U.S.C. § 1447(e).  *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 1:20-cv-00578-NONE-SKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "The standard for granting leave to amend is generous."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  And "the nonmovant bears the burden of showing why amendment should not be granted."  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist. *Webb*, 655 F.2d at 980.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe*, suggests that the proper analysis is under Section 1447(e). *See Newcombe*, 157 F.3d at 691. In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id.* The district court denied the motion and the Ninth Circuit affirmed. *See id.* The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

*Id.*

In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to apply Section 1447(e) in situations such as this (and not applied Rule 15).  *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder,' this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint ... The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

Based on these published and unpublished Ninth Circuit cases, this Court concludes that it must analyze the instant motion to amend under 28 U.S.C. § 1447(e).  *Toussain v. Home Depot U.S.A., Inc.*, No. 2:22-cv-00917-JCM-BNW, 2023 WL 3632184, at *1–3 (D. Nev. Apr. 20, 2023), *report and recommendation adopted sub nom. Toussain v. Home Depot USA Inc.*, No. 2:22-cv-00917-JCM-BNW, 2023 WL 3619477 (D. Nev. May 24, 2023).

### B.      Plaintiff has not shown that amendment is appropriate under § 1447(e).

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In a case in federal court on the basis of diversity jurisdiction, the addition of a diversity-destroying defendant would require remand.  28 U.S.C. § 1332(a); 28 U.S.C. § 1447(e); *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court."  28 U.S.C. § 1447(e).  The district

court has discretion to deny joinder, or permit joinder that destroys diversity and remand the action to state court. *Newcombe*, 157 F.3d at 691.

Based on *Newcombe*, the Court considers the prejudice to Plaintiff, balances the equities, and determines whether injustice would occur. *See Newcombe*, 157 F.3d at 691; *3WL*, 851 F. App'x at *7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'"). The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts apply different factors (or none at all). *See, e.g., Sanchez by & through Gomez v. Target Corp., LLC*, No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No. 2:18-cv-02150-GMN-VCF, 2019 WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted*, No. 2:18-CV-2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 2:15-cv-00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form."). Accordingly, rather than choosing a set of factors to apply, the Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and will assess the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur.

1.     Prejudice to Plaintiff.

First, the Court considers the prejudice to Plaintiff if the Court were to deny amendment. It finds that Plaintiff would not be prejudiced. Although the statute of limitations has run, meaning that Plaintiff can no longer bring an action against Padua in state court based on the underlying facts, Plaintiff can still obtain complete relief in this action without adding Padua as a

Defendant.  This is because, should Plaintiff prevail, Defendant must answer for the acts of its employees.  *Nat'l Convenience Stores, Inc. v. Fantauzzi*, 94 Nev. 655, 658-59 (1978).  Defendant "admits that if Mr. Padua was negligent in acting in the course and scope of his employment, TA is vicariously liable for his actions" and has admitted that it "has sufficient insurance coverage for the claimed injuries."  (ECF No. 32 at 9).  While Plaintiff argues that Padua is the only individual who appears to have actual knowledge of what occurred on the date of the subject incident, Plaintiff does not argue that he will be unable to depose Plaintiff or call him as a witness at trial with a subpoena.  This cuts against allowing amendment.  The Court finds that this factor weighs against granting the motion to amend.

2.   Balance of equities.

Second, the Court balances the equities of allowing amendment with not allowing amendment.  If the Court allowed amendment, Plaintiff would be able to bring suit against Padua and save some time and resources in pursing one suit against both Defendant and Padua.  On the other hand, Padua would be joined in a lawsuit where Defendant has already agreed that it would be liable for Padua's actions taken in the scope of his employment.  Moreover, it is not clear that Plaintiff contemplated claims against Padua from the outset.  Plaintiff's initial complaint includes "Doe Individuals 1-20" in the caption and states that "[e]ach Defendant designated as Doe Individuals 1 through 20 either owned, operated, possessed, or controlled the business where the Subject Incident occurred, or were individuals whose actions contributed to Plaintiff's injuries."  (ECF No. 32-2).  But Plaintiff does not specify that the TA employee is a Doe Defendant.  (*Id.* at 3) ("[w]hile assisting the TA employee in lifting the tire, the employee negligently let go, causing the tire to fall and severely injure Plaintiff").  And Plaintiff does not include any causes of action against the TA employee or any Doe Defendants.  (*Id.*).  So, this lends some weight to Defendant's argument that Plaintiff did not consider adding Padua as a Defendant until after removal and therefore, seeks to add him for the purpose of destroying diversity.  This factor therefore weighs against granting the motion to amend.

///

///

Page 6 of 10

### 3.    Whether injustice would occur.

Third, the Court determines that injustice would not occur if Plaintiff is not allowed to amend his complaint to add Padua. While Plaintiff did not unnecessarily delay[1] in adding Padua after learning his identity, as outlined above it does not appear that Plaintiff contemplated naming Padua in this case at the outset. So, Plaintiff would not suffer the same injustice of losing a contemplated claim as if he had intended to name Padua from the beginning. And, as also outlined above, Defendant has agreed that it would answer and pay for Padua's negligent acts taken in the scope of his employment. Defendant has also indicated that its insurance policy is sufficient to cover the claimed injuries. So, it is unlikely that Plaintiff will face the injustice of losing a chance at recovery. This factor therefore weighs against allowing the amendment. The Court denies Plaintiff's motion to amend his complaint.

## II.    Defendant's motion to dismiss.

Defendant moves to dismiss all of Plaintiff's claims but his negligence claim. (ECF No. 25). In response, Plaintiff concedes to abandoning his claims for breach of warranty and premises liability, but argues that his claim for negligent hiring, training, and supervision withstands Defendant's motion to dismiss. (ECF No. 27). In the alternative, Plaintiff asks for leave to amend his complaint to assert more facts in support of his negligent hiring, training, and supervision claim. (*Id.*). Defendant reiterates in reply that Plaintiff has not alleged sufficient facts to support his negligent hiring, training, and supervision claim and adds that Plaintiff has not complied with Local Rule IC 2-2(b) by filing a separate motion for leave to amend containing his request for relief in the alternative or with Local Rule 15-1(b) by attaching a proposed amended complaint. (ECF No. 28).

---

[1] Plaintiff moved to amend his complaint before the deadline to do so passed and within about a month after learning Padua's identity. *See Taylor v. Honeywell Corp.*, No. C 09-4947-SBA, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010) (finding an almost four-month delay to only weigh marginally in favor of the party opposing amendment under a § 1447(e) analysis); *see Zhang v. Saks Inc.*, No. C-09-4447-EMC, 2009 WL 5125815, at *4 (N.D. Cal. Dec. 21, 2009) (finding the same for a four-and-a-half-month delay).

***A.   Legal standard.***

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).  Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs.*, 89 F.3d at 1403 (citation omitted) (cleaned up).  If a court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Systems, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

***B.   Negligent hiring, training, and supervision.***

Nevada recognizes two separate torts for negligent hiring and negligent training and supervision. *See Hall v. SSF, Inc.*, 930 P.2d 94, 98-99 (Nev. 1996) (separately analyzing a negligent hiring claim and one for negligent training, supervision, and retention).  So, the Court will analyze Plaintiff's claim for negligent hiring, training, and supervision separately as a claim for negligent hiring and as a claim for negligent training and supervision.

1.   <u>Negligent hiring.</u>

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall*, 930 P.2d at 98 (internal quotation marks omitted).  "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.*  Here, Plaintiff does not allege a colorable claim for

negligent hiring.  Plaintiff alleges that Defendant "negligently hired…employees who lacked the qualifications, experience, or training necessary to safely perform tire repair services." (ECF No. 24 at 3).  Plaintiff asserts that this negligence "directly led to Plaintiff's injury when an unqualified…DOE employee released a tire during a lift attempt." (*Id.* at 3-4).  Plaintiff has not alleged that Defendant should have known that its employee lacked the necessary qualifications, experience, or training when it hired him.  So, the Court dismisses this portion of Plaintiff's claim.

### 2. Negligent training and supervision.

An "employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall*, 930 P.2d at 99.  "The tort of negligent training and supervision imposes direct liability on the employer if (1) the employer knew that the employee acted in a negligent manner, (2) the employer failed to train or supervise the employee adequately, and (3) the employer's negligence proximately caused the plaintiff's injuries." *Helle v. Core Home Health Servs. of Nev.*, 124 Nev. 1474, 238 P.3d 818, 2008 WL 6101984, at *3 (Nev. 2008) (internal footnotes omitted) (citing *Hall*, 930 P.2d at 99; *Oehler v. Humana, Inc.*, 775 P.3d 1271, 1272 (Nev. 1989)).  Here, Plaintiff alleges a colorable claim for negligent training and supervision.

Plaintiff alleges that he received a call from a TA employee explaining that they were not qualified to complete the repair of Plaintiff's vehicle on their own. (ECF No. 24 at 2).  Plaintiff also alleges that he was injured while helping lift the tire to his vehicle. (*Id.*).  Plaintiff alleges that Defendant permitted unqualified employees "to work on customers' vehicles without proper oversight or assistance," and that Defendant "failed to adequately train its employees in the use of heavy equipment and safe handling of vehicle components, including procedures for collaborative lifting." (*Id.* at 3-4).  Plaintiff alleges that Defendant "failed to implement and enforce reasonable safety protocols or provide proper managerial supervision," and that Defendant lacked a "policy or training to prevent employees from engaging customers in hazardous work activities, such as lifting or manipulating heavy vehicle components." (*Id.*).  Plaintiff also asserts that Defendant's negligence "directly led to Plaintiff's injury when an unqualified and unsupervised DOE

employee released a tire during a lift attempt." (*Id.*).  It is reasonable to infer from these allegations that, despite knowing that its employee was not qualified to perform the repair needed on Plaintiff's vehicle, Defendant failed to provide adequate training or supervision for its employee to complete the repair or to know not to engage Plaintiff in lifting the tire.  The Court therefore denies Defendant's motion to dismiss Plaintiff's negligent training and supervision claim.

### C.    Amendment.

While Plaintiff requests leave to amend in his response to Defendant's motion to dismiss, Defendant is correct that Plaintiff has not properly sought this relief by separately moving for it as required by Local Rule IC 2-2(b) and has failed to attach a proposed amended complaint as required by Local Rule 15-1(a).  So, the Court does not construe Plaintiff's response to be a motion to amend and does not grant that relief in this order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 31) is **denied.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 25) is **granted in part and denied in part**.  Plaintiff's claims for breach of warranty, negligent hiring, and premises liability are dismissed without prejudice.  The motion to dismiss is denied in all other respects.

DATED: May 22, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE